JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-01324-AB-MAA | Date: | April 11, 2024 |
|---|---|---|---|

| Title: | John Davidson et al v. Construction Teamsters Training and Upgrading Fund for Southern California et al |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. 10)

Before the Court is Plaintiffs John Davidson, Carly Reed, and Karen Welch's (together, "Plaintiffs") Motion to Remand. Dkt. 10. Defendants Construction Teamsters Training and Upgrading Fund for Southern California ("CTTUF"), Construction Teamsters Apprenticeship Funds for Southern California ("CTAF"), and Construction Teamsters Contract Compliance Fund for Southern California ("CTCCF") (together, "Defendants" or the "Funds"), oppose. Dkt. 13. Finding this matter suitable for resolution with oral argument, the Court hereby **GRANTS** the motion and vacates the hearing set for April 12, 2024.

Plaintiffs bring this motion on the grounds that the Notice of Removal was not timely and that pleadings do not allege a federal question for which the Court has subject matter jurisdiction. Because the first challenge to the timeliness of removal disposes of the motion procedurally, we turn to it first before reaching any

analysis on the substantive challenge, if necessary.

By way of brief background, this case concerns allegations of various labor and employment violations. The original complaint was filed in state court on October 27, 2023, and the First Amended Complaint ("FAC") was filed on January 19, 2024. In between those two filings, Defendants filed a demurrer on December 13, 2023, asserting that the claims in the original complaint were preempted by Section 301 of the Labor Management Relations Act because the Plaintiffs were covered under a collective bargaining agreement. *See* Notice of Removal, Exhibit B. Defendants removed the case to this Court on February 16, 2024. Because removability has certain procedural requirements regarding timeliness, the issue before us boils down to determining when the case became removable.

The procedure for removal is set out in 28 U.S.C. § 1446(a), which provides for two thirty-day windows during which a case may be removed: during the first thirty days after the defendants receives the initial pleading or during the first thirty days after the defendant receives an amended pleading, motion, or other paper from which it may be first ascertained that the case is one which is or has become removable. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). The Ninth Circuit "[has] made clear that [it] will not charge defendants with notice of removability until [they have] received a paper that gives them enough information to remove." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018). Furthermore, while the Ninth Circuit has concluded that removability is generally based on the four corners of the pleading rather than the defendant's subjective knowledge, *see Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 695 (9th Cir. 2005), it later noted that "a defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so…" *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121 (9th Cir. 2013).

Here, Defendants argue that their removal was timely because it was filed within thirty days of Defendants' receipt of the FAC and contend that the original complaint alleged only state law claims that were silent on the relevant issue that presented the basis of removal, i.e., whether the Plaintiffs were working under a collective bargaining agreement for purposes of the Section 301 preemption. The challenge here, however, is that the Defendants appear to have already been privy to the relevant information. Indeed, as stated previously in this Order, Defendants filed a demurrer on the grounds of Section 301 preemption in December 2023, and even conferred with opposing counsel on the topic, *see* Rosen Decl., ¶ and Ex. B (12-7-23- letter of counsel). This preemption became the same basis for removal

two months later. Defendants essentially ask us to ignore that fact, resting on *Harris,* referenced *supra,* for the proposition that their subjective knowledge is of no consequence. We disagree with Defendants' interpretation of *Harris* and other caselaw. Central to the "four corner" reasoning in *Harris* was that the Ninth Circuit did not want to "require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Harris* 425 F.3d at 695. No such "mini-trial" would be required here, as the Defendants made clear their knowledge of the preemption in email exchanges with opposing counsel dated as early as December 7, 2023. Indeed, *Harris*, in embracing precedent from other circuits, includes the conclusion that "[it] will allow the court to rely…on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal…" *Id*. What's more, the Defendants, as the Plaintiffs' former employers, already had access to these collective bargaining agreements that formed the basis of their removal. Therefore, whether we look to the date of the email, or the date of the demurrer filed December 13, 2024, as the trigger point for when Defendants were able to ascertain the removability, the removal is untimely.

      Seeing no other basis for subject matter jurisdiction, the Court hereby **GRANTS** the motion to remand back to the Los Angeles Superior Court. All dates and deadlines in this matter are hereby vacated, and this case is closed.

      **IT IS SO ORDERED**.